IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : Case No. 19-16031-pmm |
| TAMMY L. SHEGON, | : Consent Order Settling |
| | : Capital One Auto Finance, a division |
| | : of Capital One, N.A.'s |
| | : Motion For Relief From The Automatic |
| Debtor | : Stay Pursuant To 11 U.S.C. § 362 |

AND NOW, this          day of                    , 2020, this matter having come before this Court upon application of Capital One Auto Finance, a division of Capital One, N.A. (hereinafter referred to as *"COAF"*), a secured creditor of the above-named Debtor, by its counsel, for relief from the automatic stay pursuant to 11 U.S.C. § 362;

AND it appearing that Debtor, *Tammy L. Shegon*, through Debtor's attorney, *David S. Gellert, Esquire*, have reached an agreement with regard to said Motion for Relief regarding a 2016 DODGE TRUCK Journey Utility 4D SE AWD V6, V.I.N. 3C4PDDAG6GT116922 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtor is indebted to *COAF* on a loan which enabled Debtor to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtor and;

It appearing that Debtor had missed post-petition payments at the time of the filing of said Motion for Relief and;

It appearing that the Debtor is due for post-petition arrears, and fees and costs related to the motion in the amount of *$3,384.56* ($3,078.56 in post-petition arrears, plus $306.00 in attorney's fees and costs) as of February 27, 2020;

It appearing that the Debtor and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtor shall amend her Chapter 13 Plan with 14 days of the entry of this Order to include *$3,384.56* in post-petition arrears to *COAF*, plus make ongoing regular monthly payments in the amount of *$615.76* beginning with the payment due on March 26, 2020;

It is hereby ORDERED and DECREED that if Debtor shall fail to make the regular monthly payment (or any portion thereof) or fail to amend and confirm an amended Chapter 13 plan in conformity with this Order and Debtor fails to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtor's default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtor shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtor's default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is FURTHER ORDERED and DECREED that in the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

*signature: Patricia M. Mayer*

PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE

**Date: March 19, 2020**

| | |
|---|---|
| Post-Petition Arrears: | $ 3,078.56 |
| Counsel Fees: | $ 306.00 |
| *Total:* | *$3,384.56* |

Creditor: Capital One Auto Finance, a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 3/2/20

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtor: Tammy L. Shegon
By Counsel for Debtor: David S. Gellert, Esquire

By: _____
David S. Gellert, Esquire
Attorney for the Debtor
David S. Gellert PC
3506 Perkiomen Avenue
Reading, PA 19606
(610) 779-8000

DATED: 3/2/2020

Chapter 13 Trustee


_/s/ Polly A. Langdon_
Scott F. Waterman, Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313

DATED:

Case 19-16031-pmm    Doc 30    Filed 03/19/20    Entered 03/19/20 22:31:39    Desc Main
Document    Page 5 of 5

Please send copies to:

Tammy L. Shegon
203 Saddlebrook Drive
Wernersville, PA 19565

David S. Gellert, Esquire
David S. Gellert PC
3506 Perkiomen Avenue
Reading, PA 19606

Scott F. Waterman, Trustee
2901 St. Lawrence Ave., Suite 100
Reading, PA 19606

Office of U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130